## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MIZIEL REMOLONA,
                    Appellant,

                v.

DEPARTMENT OF VETERANS
     AFFAIRS,
                    Agency.

DOCKET NUMBER
NY-1221-23-0057-W-1

DATE: August 21, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Christopher Forasiepi</u>, Esquire, <u>Bobby Devadoss</u>, Esquire, and <u>Maya Glaspie</u>, Esquire, Dallas, Texas, for the appellant.

<u>Georgette Gonzales-Snyder</u>, Esquire, Syracuse, New York, for the agency.

<u>Shelly S. Glenn</u>, Esquire, Baltimore, Maryland, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction without a hearing. On petition for review, the appellant challenges the denial of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis and findings on exhaustion and regarding the appellant's alleged protected disclosures, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant did not nonfrivolously allege that she made a protected disclosure.</u>

¶2    We agree with the administrative judge that the appellant did not nonfrivolously allege that she made a protected disclosure.[2] Initial Appeal File (IAF), Tab 14, Initial Decision (ID) at 7-13. We supplement the administrative judge's conclusion with the following discussion.

¶3    A protected disclosure is a disclosure that an appellant reasonably believes evidences one of the categories of wrongdoing listed in 5 U.S.C. § 2302(b)(8) (A). *Turner v. Department of Agriculture*, 2023 MSPB 25, ¶ 14. A reasonable belief exists if a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude

---

[2] We thus do not reach the question of whether the appellant nonfrivolously alleged that her protected disclosures were a contributing factor in her removal.

that the actions of the Government evidence one of the categories of wrongdoing listed in section 2302(b)(8)(A). *Id.*

¶4      Disclosures must be specific and detailed, not vague allegations of wrongdoing. *Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 6. Vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016). Thus, in *Mc Corcle v. Department of Agriculture*, 98 M.S.P.R. 363, ¶¶ 21-22, 24 (2005), the Board found that an appellant's bare allegations of discrimination and broad and nonspecific claims of managerial "irregularities," among others, were too vague to constitute nonfrivolous allegations of protected disclosures. In another example, in *Padilla v. Department of the Air Force,* 55 M.S.P.R. 540, 543-44 (1992), the Board affirmed a jurisdictional dismissal of an IRA appeal, finding that an appellant's assertions that there was "fraud, waste, and abuse" in certain sections of a military unit, and that various conditions were caused by "poor organization, discipline, and management," were vague allegations regarding broad and imprecise matters that did not constitute whistleblowing.

¶5      The appellant's alleged disclosures in this appeal were similarly defective. During the appeal, the administrative judge notified the appellant—who was represented by attorneys throughout her appeal—that to establish jurisdiction, she must make a nonfrivolous allegation that she made a protected disclosure or engaged in protected activity. IAF, Tab 6 at 2. The notice also provided the appellant with the relevant legal standards, including the definition of a protected disclosure. *Id.* at 2-7. With her notice, the administrative judge ordered the appellant to file a statement describing her protected disclosures, explaining that a nonfrivolous allegation was a "detailed, factual allegation," while conclusory, vague, or unsupported allegations would not suffice. *Id.* at 3-4, 7-8.

¶6    In response, the appellant claimed she was removed in reprisal for disclosing to her supervisors and preceptors that she was receiving "contradictory and inconsistent instructions regarding her job duties" from them and that the instructions were incorrect, violated agency policy, and could harm patients. IAF, Tab 8 at 8-9, 13. The appellant further alleged that her disclosures regarding her inconsistent instructions evidenced, among other things, an "abuse of power" and "perceived waste, fraud, and/or abuse" by her supervisors and preceptors. *Id.* at 9, 11. Nowhere below, however, did the appellant describe what these "contradictory and inconsistent instructions" were, why they were incorrect, what policy they allegedly violated,[3] or how they could harm patients.[4] The vagueness of the appellant's alleged disclosures precludes any determination of whether she reasonably believed they evidenced one of the forms of wrongdoing listed in 5 U.S.C. § 2302(b)(8), as required for protection under the whistleblower

---

[3] Ordinarily, to make a protected disclosure of a violation of law, rule, or regulation, an employee must identify the specific law, rule, or regulation that was violated, though an individual need not identify a statutory or regulatory provision by a particular title or number when the statements and the circumstances surrounding the making of those statements clearly implicate an identifiable violation of law, rule, or regulation. *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 24 (2015) (internal quotations omitted). Here, the appellant's descriptions of her alleged disclosures did not clearly implicate an identifiable violation of law, rule, or regulation.

[4] In her petition for review, the appellant asserts for the first time that she disclosed concerns that COVID-19 screening instructions she received from her preceptors contradicted written instructions and agency policies. Petition for Review (PFR) File, Tab 1 at 13. She did not, however, identify the policies with any specificity, provide a copy of them, or identify where they could be located. She did provide further details regarding the allegedly contradictory instructions in her reply to the response to her petition for review. PFR File, Tab 4 at 5, 7. The appellant does not show that her new arguments are based on new and material evidence that was previously unavailable despite due diligence, nor offer any reason for why she did not provide these details below in response to the administrative judge's clear jurisdictional order or otherwise. We thus do not consider them. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016).

protection statutes.[5]  The appellant's descriptions of her alleged disclosures were thus too vague to satisfy the nonfrivolous pleading standard in an IRA appeal.[6]

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

[5] The agency argues in its response to the petition for review that, because the appellant's Office of Special Counsel (OSC) complaint did not describe her alleged disclosures regarding inconsistent instructions, the appellant was precluded from asserting those disclosures in her Board appeal.  PFR File, Tab 3 at 13-15.  We disagree and supplement the administrative judge's exhaustion findings with the following discussion.  ID at 6.  The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10.  The Board's jurisdiction over an IRA appeal is limited to those issues that have been previously raised with OSC.  *Id.*  An appellant may demonstrate exhaustion through her initial OSC complaint or correspondence with OSC.  *Id.*, ¶ 11.  The agency's argument overlooks a letter to OSC in which the appellant alleged that she was removed in reprisal for disclosing concerns regarding inconsistent instructions from her supervisors and preceptors.  IAF, Tab 8 at 224-26.  Because this letter provided OSC with a sufficient basis to investigate those alleged disclosures, despite their vagueness, the appellant exhausted administrative remedies regarding them.

[6] The appellant also alleges for the first time on review that she made disclosures to her supervisors and preceptors regarding reports about her performance, and that the agency characterized her objections to violations of policy and her written instructions as misconduct in the decision notice.  PFR File, Tab 1 at 12, 15.  The appellant's purported disclosures about her performance reports are also overly vague, as she provides no description of what she disclosed about the reports, or any other basis for determining whether she reasonably believed the disclosures evidenced one of the forms of wrongdoing set forth in 5 U.S.C. § 2302(b)(8).  We also fail to discern anything in the decision notice which matches the appellant's description of its contents.  *Id.* at 193-95.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.