**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2023 MSPB 4**

Docket No. PH-1221-16-0256-W-1

**Renate M. Gabel,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

January 11, 2023

Chungsoo J. Lee, Feasterville, Pennsylvania, for the appellant.

Alison M. Debes, Philadelphia, Pennsylvania, for the agency.

Marcus S. Graham, Esquire, Pittsburgh, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## <u>OPINION AND ORDER</u>

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons set forth in this Opinion and Order, we AFFIRM the initial decision and DISMISS the appeal for lack of jurisdiction.

## <u>BACKGROUND</u>

¶2    The appellant was a Licensed Practical Nurse in the agency's Community Based Outpatient Clinic in Gloucester, New Jersey. Initial Appeal File (IAF),

Tab 1 at 1, Tab 9 at 9.  On or about August 27, 2015, she filed a complaint with the Office of Special Counsel (OSC) alleging that the agency retaliated against her for making protected disclosures under 5 U.S.C. § 2302(b)(8) and engaging in protected activity under 5 U.S.C. § 2302(b)(9)(A).  IAF, Tab 1 at 8, Tab 8 at 10-31.  On February 16, 2016, OSC issued the appellant a close-out letter informing her that it was closing the file on her complaint and advising her of her right to file a Board appeal.  IAF, Tab 1 at 6-7.  This appeal followed.  *Id.* at 1.

¶3	The administrative judge issued an order explaining the appellant's burden to establish jurisdiction over an IRA appeal and ordering her to submit evidence and argument supporting her claim.  IAF, Tab 5.  The appellant responded, IAF, Tabs 8-10, and the administrative judge issued an initial decision without holding the requested hearing, dismissing the appeal for lack of jurisdiction, IAF, Tab 12, Initial Decision (ID).  She found that the appellant failed to make a nonfrivolous allegation that she made a protected disclosure or otherwise engaged in protected activity.  ID at 6-12.  She then found, in the alternative, that the appellant failed to make a nonfrivolous allegation that any of her supposed protected disclosures or her alleged protected activity was a contributing factor in any of the personnel actions taken against her.  ID at 12-15.

¶4	The appellant has filed a petition for review, and the agency has responded in opposition.  Petition for Review (PFR) File, Tabs 1-2, 5.

## ANALYSIS[1]

¶5	Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), the Board has jurisdiction over an IRA appeal if the appellant has exhausted her

---

[1] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

administrative remedies before OSC,[2] and makes nonfrivolous allegations that (1) she made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). The Board's regulations define a nonfrivolous allegation as an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).[3] As the U.S. Court of Appeals for the Federal Circuit recently put it: "[T]he question of whether the appellant has non-frivolously alleged protected disclosures [or activities] that contributed to a personnel action must be determined based on whether the employee alleged sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board,* 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020).[4]

---

[2] Here, the administrative judge found, and we agree, that the appellant met her burden of establishing that she exhausted her administrative remedies before OSC. ID at 5; IAF, Tab 8 at 10-31.

[3] The regulation further provides that an allegation generally will be considered nonfrivolous when, under oath or penalty of perjury, an individual makes an allegation that: (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s). Pro forma allegations are insufficient to meet the nonfrivolous standard. *Clark v. U.S. Postal Service*, 123 M.S.P.R. 466, ¶ 6 (2016), *aff'd per curium*, 679 F. App'x 1006 (Fed. Cir. 2017), *overruled on other grounds by Cronin v. U.S. Postal Service*, 2022 MSPB 13, ¶ 20 n. 11.

[4] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on these types of whistleblower issues. However, pursuant to the All Circuit Review Act (Pub. L. No. 115-195, 132 Stat. 1510), appellants may file petitions for judicial review of Board decisions in whistleblower reprisal cases with any circuit court of appeals of competent jurisdiction. *See* 5 U.S.C. § 7703(b)(1)(B). Therefore, we must consider these issues with the view that the appellant may seek review of this decision before any appropriate court of appeal.

<u>The appellant failed to nonfrivolously allege that she made a protected disclosure.</u>

¶6        A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in her position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8).  *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 8 (2013).  The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one:  whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety.  *Salerno*, 123 M.S.P.R. 230, ¶ 6.  The disclosures must be specific and detailed, not vague allegations of wrongdoing.  *Id.*; *see El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015) (stating that vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

¶7        Here, the appellant alleged in her OSC complaint that the agency discriminated against her based on her disability and engaged in a pattern of abuse concerning her requests for leave under the Family and Medical Leave Act of 1993 (FMLA) and requests for reasonable accommodation.  IAF, Tab 8 at 27-31.  She vaguely claimed that she attempted to bring this wrongdoing to her supervisors' attention from October 2014 through August 27, 2015, the date she filed her OSC complaint.  *Id.* at 29.  As the administrative judge noted, however, the appellant failed to provide with any specificity the content of her alleged disclosures, to whom they were made, the dates they were made, or how they were made.  ID at 6; IAF, Tab 8 at 27-31.  After considering the evidence and argument in a light most favorable to the appellant, the administrative judge

concluded that the appellant failed to raise a nonfrivolous allegation that she disclosed a matter that a reasonable person in her position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). ID at 6-12. Specifically, she found that a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant would not reasonably conclude that the agency's actions evidenced gross mismanagement or an abuse of authority. ID at 11. She further found that the appellant failed to nonfrivolously allege that the agency's actions created a substantial risk of significant adverse impact upon its ability to accomplish its mission or reflected the arbitrary or capricious exercise of power. *Id.* We agree that the appellant's vague and nonspecific allegations of disclosures of wrongdoing are insufficient to constitute nonfrivolous allegations of protected disclosures.[5] *See Mithen v. Department of Veterans Affairs*, 122 M.S.P.R. 489, ¶ 27 (2015) (explaining that an "abuse of authority" occurs when there is an arbitrary or capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons), *aff'd*, 652 F. App'x 971 (Fed. Cir. 2016); *Embree v. Department of the Treasury*, 70 M.S.P.R. 79, 85 (1996) (defining "gross management" as a management action or inaction that creates a substantial risk of significant adverse impact on the agency's ability to accomplish its mission).

---

[5] Subsequent to the issuance of the initial decision, the Federal Circuit held that the Board "may not deny jurisdiction by crediting the agency's interpretation of the evidence as to whether the alleged disclosures fell within the protected categories or whether the disclosures were a contributing factor to an adverse personnel action." *Hessami*, 979 F.3d at 1369. Although the administrative judge here discussed the agency's evidence and arguments regarding the appellant's FMLA requests, ID at 7-10, insofar as the appellant's allegations regarding her purported disclosures related thereto were vague and facially insufficient irrespective of the agency's evidence and argument, this discussion was harmless and a different outcome is not warranted, IAF, Tab 8 at 27-31; *see El*, 123 M.S.P.R. 76, ¶ 6.

<u>The appellant failed to nonfrivolously allege that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A).</u>

¶8     The Board only has IRA jurisdiction over equal employment opportunity (EEO) activity covered by 5 U.S.C. § 2302(b)(9)(A)(i), meaning it seeks to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8)).  *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 24-25; *Mudd*, 120 M.S.P.R. 365, ¶¶ 6-7 (explaining that filing a grievance, which does not itself seek to remedy whistleblower reprisal, does not grant IRA jurisdiction under the WPEA).  Here, the appellant alleged that she filed an EEO complaint with the agency alleging discrimination and retaliation, and that the agency retaliated against her as a result.  IAF, Tab 8 at 6, Tab 9 at 19-40.  However, the appellant did not allege that the substance of her EEO complaint concerned remedying a violation of 5 U.S.C. § 2302(b)(8).  IAF, Tab 9 at 19-40.  Therefore, we agree with the administrative judge that the Board lacks jurisdiction to consider her allegations of reprisal for her EEO complaint in the context of this IRA appeal.  ID at 12; *see Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329 (Fed. Cir. 2020) (explaining that the Board lacks jurisdiction in an IRA appeal over claims of reprisal for EEO activity protected under section 2302(b)(9)(A)(ii)).  Because we find that the appellant failed to nonfrivolously allege that she made a protected disclosure or otherwise engaged in protected activity for which an IRA appeal is authorized by the statute, she cannot meet her burden on jurisdiction and the administrative judge properly dismissed the appeal for lack of jurisdiction.  *See Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016) (holding that the administrative judge correctly dismissed the IRA appeal for lack of jurisdiction when the appellant failed to make nonfrivolous allegations that he made protected disclosures or otherwise engaged in protected activity appealable to the Board as an IRA appeal).

<u>The appellant's arguments and submissions on review fail to provide a reason to disturb the initial decision.</u>

¶9 On review, the appellant asserts that the agency engaged in discrimination, retaliation, and "abuses of authority and gross mismanagement in connection with requests for FMLA leave," PFR File, Tab 1 at 5, and she attaches alleged new evidence in an effort to prove her assertions, PFR File, Tab 1 at 18-59, Tab 2. Although the appellant's argument and submissions outline in great detail the alleged pattern of abuses she claims the agency took against her and her coworkers, PFR File, Tab 1 at 5-17, she has not challenged the administrative judge's findings that she failed to nonfrivolously allege that she made protected disclosures or otherwise engaged in protected activity appealable to the Board. The appellant, therefore, has provided no basis to disturb the administrative judge's finding that she failed to make a nonfrivolous allegation of jurisdiction. *See Graves*, 123 M.S.P.R. 434, ¶ 22; *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision). In the absence of Board jurisdiction, we lack the authority to review the merits of the appellant's allegations concerning the agency actions taken against her and her coworkers. Accordingly, we affirm the initial decision.

## ORDER

¶10 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.