**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| PATRICIA J. BROWN,<br>    Appellant, | DOCKET NUMBER<br>SF-0752-20-0033-I-1 |
|    v. | |
| DEPARTMENT OF LABOR,<br>    Agency. | DATE: December 20, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Geoffrey P. Brown, Steilacoom, Washington, for the appellant.

Allyson Gault and Brian Hurt, Dallas, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal for excessive use of leave without pay (LWOP). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED with respect to the leave that can be considered in support of the charge and the appellant's reasonable accommodation defense, we AFFIRM the initial decision.

## BACKGROUND

The appellant was a Whistleblower Investigator for the agency. Initial Appeal File (IAF), Tab 6 at 31. On March 18, 2016, the appellant's first-line supervisor requested a meeting with the appellant, during which they discussed a number of recent incidents where the supervisor believed the appellant failed to follow procedures and acted in an unprofessional manner. IAF, Tab 1 at 17; Tab 12 at 98, 103-04; HCD 1 (testimony of appellant's first-line supervisor). During the course of the meeting, the appellant became unhappy and expressed concern that she was going to be disciplined. IAF, Tab 37, Hearing Compact Disc (HCD) 2 (testimony of the appellant). Although the appellant's supervisor did not institute any formal discipline during the meeting, he did inform her that discipline could result going forward. IAF, Tab 12 at 104. Following the meeting, the appellant made an appointment to see her physician and received a letter excusing her from work for one week "due to medical condition." IAF, Tab 1 at 17, Tab 14 at 58. The appellant did not return to work at any point thereafter. On February 16, 2017, the appellant's first-line supervisor proposed her removal from Federal service based

on a charge of excessive use of LWOP. IAF, Tab 6 at 19-22. After the appellant responded, on September 22, 2017, the deciding official issued a decision removing the appellant effective September 25, 2017. *Id.* at 27-30.

On November 27, 2017, the appellant filed a formal equal employment opportunity (EEO) complaint, which the agency accepted as a mixed case complaint, alleging among other things that her removal was discriminatory based on age, sex, and disability, and in retaliation for prior EEO activity. *Id.* at 32-33. On September 23, 2019, the agency issued a final decision finding no discrimination. *Id.* at 32-52.

On October 16, 2019, the appellant timely filed the instant Board appeal, contesting the merits of her removal and raising affirmative defenses of disability discrimination, retaliation for protected EEO activity, and retaliation for protected whistleblowing. IAF, Tab 1 at 2-31. After a hearing, the administrative judge issued an initial decision sustaining the removal and finding that the appellant did not prove any of her affirmative defenses. IAF, Tab 40, Initial Decision (ID).

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The agency proved its charge.</u>

The administrative judge analyzed the charge under the excessive absence framework set forth in *Cook v. Department of the Army*, 18 M.S.P.R. 610, 611-12 (1984). ID at 9-11. The parties do not dispute the propriety of this analytical framework, and we agree that it is applicable in this case.[2] To support a charge of

---

[2] The Board has stated that multiple types of approved absence can potentially form the basis for an excessive absence charge. *McCauley v. Department of the Interior*, 116 M.S.P.R. 484, ¶ 10 (2011). In this case, however, the agency labeled its charge as excessive use of LWOP. IAF, Tab 13 at 79. Therefore, we will only consider LWOP in determining whether the appellant's absences were excessive. An agency must prove its charge according to its label. *Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 203-04 (1997).

excessive absence, an agency must prove the following: (1) the employee was absent for compelling reasons beyond her control so that agency approval or disapproval of leave was immaterial because she could not be on the job; (2) the absences continued beyond a reasonable time, and the agency warned the employee that an adverse action could be taken unless she became available for duty on a regular, full-time or part-time basis; and (3) the agency showed that the position needed to be filled by an employee available for duty on a regular, full-time or part-time basis. *Cook*, 18 M.S.P.R. at 611-12. The administrative judge found that the agency met its burden as to each element of the charge. ID at 9-11.

After the initial decision was issued, the Board issued an Opinion and Order in *Williams v. Department of Commerce*, 2024 MSPB 8, ¶¶ 6-8, clarifying that only absences that postdate the required warning can be used to support a charge of excessive absence. In this case, the appellant was first warned of the possibility of discipline for excessive approved absences on November 30, 2016. IAF, Tab 15 at 68-70. Therefore, the appellant's absences through that date cannot be considered in support of the charge. *See Williams*, 2024 MSPB 8, ¶ 12. Nevertheless, the charged LWOP extended through the date of the February 17, 2017 proposed removal—a continued absence of more than 11 weeks, or more than 400 hours of LWOP, excluding weekends and Federal holidays. IAF, Tab 6 at 19. We find that these absences are sufficient to support the agency's charge. *See Gartner v. Department of the Army*, 104 M.S.P.R. 463, ¶ 10-11 (2007) (sustaining an excessive absence charge based on 333.5 hours of absence during a 6-month period).

On review, the appellant argues that the agency's charge was based, in part, on leave protected under the Family and Medical Leave Act of 1993 (FMLA). PFR File, Tab 1 at 12. The appellant is correct that an employee cannot be disciplined for taking leave under the FMLA, and that leave protected under that statute cannot be used to support a charge of excessive absence. *See McCauley v. Department of the Interior*, 116 M.S.P.R. 484, ¶ 11 (2011). However, the record is ambiguous as

to whether the agency considered any FMLA-covered leave in taking the removal action, and in any event, even if the agency did so, the Board will remedy this error by excluding such leave from the calculation. *See Williams*, 2024 MSPB 8, ¶ 14. Because none of the appellant's absences after the November 23, 2016 warning letter were covered under the FMLA, the appellant's argument provides no basis to disturb the initial decision.

The appellant further argues that the agency failed to demonstrate that her position needed to be filled by an employee available for duty on a regular, full-time basis. She argues that, following her removal, the agency delayed filling her vacancy for over a year, which demonstrated that it was the agency's own actions that caused any staffing shortages. PFR File, Tab 1 at 13-16. We disagree. The record reflects that in the November 30, 2016 and July 11, 2017 return to duty letters, the agency specifically informed the appellant that her absences were adversely affecting its ability to accomplish its mission. IAF, Tab 15 at 69, 89. The appellant's first- and second-line supervisors also provided unrebutted testimony that the Whistleblower Office was short-staffed during the time period that the appellant was on leave. ID at 11; Hearing Recording, Day 1 (testimony of appellant's first-line supervisor, testimony of appellant's second-line supervisor). The appellant has not provided any evidence to rebut this testimony, and the speed with which the agency was able to subsequently fill the appellant's vacant position has no bearing on that conclusion.

For the reasons explained above and in the initial decision, we agree with the administrative judge that the appellant was absent for compelling reasons beyond her control, the agency warned her that she could be disciplined for excessive approved absences, the appellant's absences continued beyond a reasonable time, and the agency needed the position to be filled by someone regularly available for duty.

The penalty of removal is reasonable.

Where, as here, the agency's charges have been sustained, the Board will review the penalty only to determine whether the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). The administrative judge considered the deciding official's testimony and found that he considered the relevant factors and reasonably concluded that removal was an appropriate penalty for the appellant's excessive absences. ID at 27-29.

On review, the appellant argues that the penalty of removal was excessive and beyond the bounds of reasonableness, that alternative sanctions less than removal were available, and that the deciding official failed to consider the *Douglas* factor relating to potential mitigating circumstances. PFR File, Tab 1 at 14, 18-21, 23. We have considered the appellant's arguments, but we disagree. The deciding official provided testimony demonstrating that he considered the relevant *Douglas* factors in making his penalty determination, including the nature and seriousness of the charge, taking into account the length of time the appellant had been absent, the agency's inability to meet its workload demands due to the appellant's absences, and the fact that she was unable to return to her duties. ID at 29. Contrary to the appellant's assertion otherwise, the deciding official also specifically considered the relevant mitigating factors, including the appellant's length of service and lack of prior discipline, but ultimately concluded that they were outweighed by the need to have her duties completed, and that removal was appropriate. ID at 26-30; *see Nagel v. Department of Health & Human Services*, 707 F.2d 1384, 1386 (Fed. Cir. 1983) (noting that the Board "never intended that each [*Douglas*] factor be applied mechanically" and that "neither statute nor regulation requires an agency to demonstrate that it considered all mitigating factors"); *Chavez v. Small Business Administration*, 121 M.S.P.R. 168, ¶ 9 (2014) (stating that a deciding official does not have to consider each of the *Douglas* factors in making his penalty determination).

The ultimate issue in determining whether the Board should exercise its mitigation authority is not whether the *Douglas* factors could have been weighed differently, but whether the agency considered the relevant *Douglas* factors and reasonably exercised management discretion in making its penalty determination. *Kirkland v. Department of Homeland Security*, 119 M.S.P.R. 74, ¶ 25 (2013). Accordingly, we discern no error with the agency's weighing of the relevant *Douglas* factors, and we agree with the administrative judge's conclusion that the removal decision did not exceed the bounds of reasonableness. ID at 29-30; *see Curtis v. U.S. Postal Service*, 111 M.S.P.R. 626, ¶¶ 2, 10 (2009) (finding that 77 days of LWOP in an approximately 4-month period constituted excessive absences and that the penalty of removal was reasonable), *overruled on other grounds by McCauley*, 116 M.S.P.R. 484, ¶ 10. The Board has long held that a prolonged absence with no foreseeable end is sufficient to support a removal. *E.g. Lattanzi v. Department of Health & Human Services*, 12 M.S.P.R. 307, 309 (1982).

<u>The appellant did not prove her whistleblower defense.</u>

To prove an affirmative defense of reprisal for protected whistleblowing, an appellant must show that she made a protected disclosure or engaged in protected activity and that the disclosure or activity was a contributing factor in the personnel action at issue. If the appellant makes this showing, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the personnel action absent the protected disclosure or activity. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 49. In this case, the appellant's whistleblower defense concerns a December 21, 2015 disclosure that she made to an acting Assistant Secretary of Labor regarding the agency's decision to dismiss a particular

complaint.[3]  IAF, Tab 12 at 44-46.  The administrative judge found that this disclosure was not protected.  ID at 22-26.

On petition for review, the appellant argues that her disclosure evidenced a violation of law because the agency's decision was based on an incorrect application of the Federal Railroad Safety Act.  PFR File, Tab 1 at 6-7, 24-26.  However, an erroneous agency ruling is not a "violation of law" within the meaning of the Whistleblower Protection Act.  *O'Donnell v. Department of Agriculture*, 120 M.S.P.R. 94, ¶ 15 (2013).  The appellant also argues that her disclosure evidenced a substantial and specific danger to public health or safety because it concerned a breach in a railroad's perimeter fencing.  PFR File, Tab 1 at 25-26.  In her disclosure, the appellant listed several reasons that the railroad employee's account of his injury should be believed, including that the area was "not secured."  IAF, Tab 12 at 45.  However, even putting aside the fact that the appellant was clearly not intending to disclose a danger to public safety, we find that her vague, passing statement that the area was "not secured" does not amount to a protected disclosure.  *See Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 6 ("[D]isclosures must be specific and detailed, not vague allegations of wrongdoing.").  Because we agree with the administrative judge that the appellant's disclosure was not protected, we find that the appellant's arguments about the agency's treatment of similarly situated non-whistleblowers is immaterial.  PFR File, Tab 1 at 28-30.

<u>The appellant did not prove her disability discrimination defenses.</u>

The appellant argues that the agency violated the Rehabilitation Act by failing to provide her a reasonable accommodation and by subjecting her to

---

[3] The appellant also filed a statement with the Office of Special Counsel's (OSC) Disclosure Unit, detailing this same disclosure, along with two others.  IAF, Tab 12 at 72-74.  The administrative judge found that this activity was not a contributing factor in the appellant's removal.  ID at 26-27.  On petition for review, the appellant argues that her disclosure to OSC is beside the point because her whistleblower defense is based on her disclosure to the acting Assistant Secretary.  PFR File, Tab 1 at 23-24.

disparate treatment. IAF, Tab 8 at 1, Tab 10 at 1, Tab 29 at 3. The administrative judge found that the appellant did not prove her reasonable accommodation claim because her request for reassignment to a new supervisor did not constitute a request for reasonable accommodation. ID at 14-15. The appellant disputes the administrative judge's analysis on review. PFR File, Tab 1 at 9-11, 22-23. We have considered the appellant's arguments, but we agree with the administrative judge's conclusion. The Equal Employment Opportunity Commission has held that an employer does not need to change a person's supervisor as a form of reasonable accommodation. *Bates v. Department of Veterans Affairs*, EEOC Appeal No. 0120080540, 2010 WL 1840758, at *6 (Apr. 30, 2010).

After her removal was proposed, the appellant also requested reasonable accommodation in the form of continued LWOP. IAF, Tab 16 at 96-99. The administrative judge did not address this issue, so we will do so here. It is well-settled that LWOP can be a form of reasonable accommodation. *Joanna V. v. Department of Veterans Affairs*, EEOC Appeal No. 0120170771, 2018 WL 4801826, at *6 (Sept. 18, 2018). However, open-ended LWOP with no end in sight is not a form of accommodation contemplated under the Rehabilitation Act.[4] *Breanne H. v. Department of Homeland Security*, EEOC Appeal No. 2023002327, 2024 WL 1483759, at *7 (Mar. 26, 2024). For these reasons, we agree with the administrative judge that the appellant did not prove her reasonable accommodation defense.

Regarding the appellant's disparate treatment disability discrimination defense, she bears the burden of proving that she is a qualified individual with a

---

[4] To the extent that the appellant posited October 30, 2018 as an end date for her LWOP, IAF, Tab 16 at 98, we find that continued LWOP still would not have been a reasonable accommodation because the appellant has not explained how this additional leave would have enabled her to return to duty. Moreover, in light of the appellant's already lengthy absence and the agency's need to have the position filled, we agree with the agency that providing several additional months of LWOP would have been an undue hardship under the circumstances. IAF, Tab 15 at 91; *see Keene v. Department of the Interior*, EEOC Petition No. 03920008, 1992 WL 1374160, at * 5 (Jan. 1, 1992).

disability and that her disability was at least a motivating factor in the action under appeal. *Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 28; *Pridgen*, 2022 MSPB 31, ¶ 40. The administrative judge found that the appellant presented essentially no evidence to support her claim. ID at 16-17. The appellant disputes this finding on review, PFR File, Tab 1 at 29, but she has still not identified any evidence in the record in support of her defense. We agree with the administrative judge's findings on this issue.

The appellant's remaining arguments provide no basis to disturb the initial decision.

On review, the appellant disputes the administrative judge's characterization of an incident that occurred on October 15, 2015. PFR File, Tab 1 at 5-6; ID at 3-4. However, we find that the administrative judge's characterization of the incident is supported by the record, and in any event, the details of it are immaterial to the issues in this appeal.[5] We observe that the appellant does not contest the administrative judge's finding on her claim of retaliation for prior EEO activity, and for the reasons explained in the initial decision, we agree with the administrative judge that the appellant did not show that her EEO activity was a motivating factor in her removal. ID at 17-19.

---

[5] To the extent that the appellant is arguing that her absences were occasioned by her supervisor's behavior, the administrative judge did not docket this as a constructive suspension appeal. *Cf. Peoples v. Department of the Navy*, 83 M.S.P.R. 216, ¶ 7 (1999) ("[A]llegations of intolerable working conditions may establish an involuntary or constructive suspension."). If the appellant wishes to file a constructive suspension appeal, nothing in the Final Order prevents her from doing so. However, if the appellant chooses to file a constructive suspension appeal, she will bear the burden of proof on the issues of jurisdiction and timeliness. 5 C.F.R. § 1201.56(b)(2)(i).

**NOTICE OF APPEAL RIGHTS**[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1)** **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i),

(B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.