## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JASON WELSH,
              Appellant,

       v.

DEPARTMENT OF STATE,
              Agency.

DOCKET NUMBER
SF-1221-23-0357-W-1

DATE: February 28, 2025

# THIS ORDER IS NONPRECEDENTIAL[1]

Ari M. Wilkenfeld, Esquire, and Nekeisha Campbell, Esquire, Washington, D.C., for the appellant.

Marianne Perciaccante, Alexandra Jumper, and Camille V'Estres, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant is an employee of the Social Security Administration with more than 20 years of Federal service who was serving an assignment to the Department of State at the U.S. Embassy in Manila, Philippines. Initial Appeal File (IAF), Tab 1 at 1, 8, 18. The respondent agency in this case is the Department of State.

After exhausting his administrative remedies with the Office of Special Counsel (OSC), the appellant filed the instant IRA appeal and requested a hearing. IAF, Tab 1. The appellant alleged that he made several disclosures that the agency's policy in 2020 denying leave requests from Philippines-based employees who wanted to engage in international travel was an unlawful restraint on personal liberty and freedom of movement. *Id*. at 17, 32-33; IAF, Tab 8 at 5-7. He made these disclosures to the agency's Office of Ombudsman, in a grievance procedure, and in Federal court. IAF, Tab 8 at 5-7.

The appellant had sought to take 2 weeks of personal leave in June 2020 to return to the United States, but his request was denied because the agency was concerned that he would not be permitted to return due to the COVID-19 pandemic. *Id*. at 26, 43. The appellant alleged that several personnel actions—including a hostile work environment, attempts to remove him, and delaying approval of extension requests of his assignment—were taken against him because of his disclosures. IAF, Tab 1 at 17-18.

The administrative judge concluded that the appellant did not nonfrivolously allege that he made a protected disclosure regarding a violation of law, rule, or regulation, or that he engaged in protected activity, and she dismissed the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID) at 9-12. The appellant has filed a petition for review, contesting the

administrative judge's conclusion that he did not make a nonfrivolous allegation of a protected disclosure of a violation of law, rule, or regulation. He also argues that the administrative judge should have addressed his claim that he made a nonfrivolous allegation of a protected disclosure of an abuse of authority. Petition for Review (PFR) File, Tab 1 at 4-6. The agency has filed a response. PFR File, Tab 4.

## ANALYSIS

As relevant here, the Board has jurisdiction over an IRA appeal if an appellant proves that he exhausted his administrative remedies before OSC and makes nonfrivolous allegations that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. §2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action outlined in 5 U.S.C. § 2302(a). *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 12 (2016). If an appellant proves Board jurisdiction over an IRA appeal, he is entitled to a hearing on the merits, if he requested one. *Shope v. Department of the Navy*, 106 M.S.P.R. 590, ¶ 5 (2007).

To make a nonfrivolous allegation of a protected disclosure, an appellant need only plead allegations of fact that, if proven, could show that he made a disclosure that he reasonably believed evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Gabel v. Department of Veterans Affair*s, 2023 MSPB 4, ¶ 6; *see* 5 U.S.C. § 2302(b)(8); 5 C.F.R. § 1201.4(s); *see also Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020). In this case, the appellant asserts that his disclosures evidenced both a violation of law, rule, or regulation and an abuse of authority. IAF, Tab 1 at 17; PFR File, Tab 1 at 3. The proper test for determining whether the appellant had a reasonable belief that his disclosures

were protected is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the appellant could reasonably conclude that the actions evidenced a violation of law, rule, or regulation or an abuse of authority. *See Gabel*, 2023 MSPB 4, ¶ 6.

In this case, the administrative judge determined that the appellant did not nonfrivolously allege disclosures of information that he reasonably believed evidenced a violation of law, rule, or regulation.[2] ID at 10-11. Rather, she described the disclosures as "fundamental disagreement[s] with the Department's travel policy to restrict international travel during the early days of the [COVID-19] pandemic." ID at 11. She stated that the appellant's "purely subjective perspective" that he was unlawfully restrained was not sufficient to meet the objective test that he reasonably believed that his disclosures evidenced a violation of law, rule, or regulation. ID at 10. She concluded that a reasonable person with knowledge of the relevant facts could not reasonably believe the agency violated a law, rule, or regulation by denying the appellant's request for personal leave. *Id.*

On review, the appellant argues that he reasonably believed that the agency's actions violated a law, rule, or regulation because they were consistent with the tort of false imprisonment. PFR File, Tab 1 at 6. The appellant further asserts that he met the "reasonable belief" test because the agency's actions affected hundreds of other personnel, some of whom he claims resigned as a direct result of the agency's actions. *Id.* at 7. These arguments provide no basis to disturb the initial decision. We agree with the administrative judge that a reasonable person with the appellant's knowledge could not have reasonably concluded that the agency's actions of denying leave to curtail international travel

---

[2] The administrative judge also determined that the appellant did not make a nonfrivolous allegation that he engaged in a protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). ID at 11-12. The appellant has not challenged this determination, and we see no reason to disturb it.

at the start of a global pandemic amounted to a violation of law, rule, or regulation, such as false imprisonment.

The appellant claims that the tort of false imprisonment does not require physical restraint or confinement, stating that it includes "any 'unlawful restraint' of an individual's 'personal liberty or freedom of movement' against his will." *Id*. at 6 (quoting 35 C.J.S. False imprisonment § 1 (2019)). In addition, he cites *Johnson v. Barnes & Noble Booksellers, Inc.*, 437 F.3d 1112, 1116 (11th Cir. 2006), for the proposition that the tort of false imprisonment "protects the sacred 'right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law.'" *Id*. He argues that he had a reasonable belief that the agency committed a tort against him because he reasonably feared the loss of his job and primary income if he returned to the United States while using approved personal leave. *Id*. We agree with the administrative judge that the appellant could not have reasonably believed that the agency was unlawfully restraining him under the circumstances. ID at 10. The fact that other employees may have been similarly affected does not alter the analysis of the reasonableness of the appellant's belief.

The appellant correctly notes that the administrative judge did not address whether his disclosures nonfrivolously alleged an abuse of authority. PFR File, Tab 1 at 5-6. We address that argument here. The Board has historically defined an abuse of authority as an arbitrary and capricious exercise of power by a Federal official or employee that adversely affects the rights of any person or results in personal gain or advantage to himself or to other preferred persons. *See Chavez v. Department of Veterans Affairs*, 120 M.S.P.R. 285, ¶ 22 (2013). In *Smolinksi v. Merit Systems Protection Board*, 23 F.4th 1345, 1351-52 (Fed. Cir. 2022), the U.S. Court of Appeals for the Federal Circuit defined an abuse of authority more broadly as an arbitrary and capricious exercise of authority that is

contrary to the agency's mission. Whichever standard is applied in this case, the result is the same.

The appellant's disclosures came during the early months of the global COVID-19 pandemic. IAF, Tab 8 at 5. We find that a reasonable person standing in the place of the appellant could not have reasonably believed that the agency's policy was an abuse of authority. Specifically, we do not believe an objective person could have viewed the policy as either arbitrary or capricious. Rather, the policy appears to have reflected the reality at the time that an employee who departed the Philippines may not have been permitted to reenter the country. Furthermore, taking preventative measures to avoid having employees being unable to return to their duty stations cannot be reasonably viewed as inconsistent with the agency's mission. For these reasons, we find no basis to disturb the administrative judge's finding that the appellant has not made a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8).

The appellant also argues that the administrative judge inaccurately described the factual record because she did not state that the appellant's immediate supervisor initially approved the leave request before the agency denied it. PFR File, Tab 1 at 7 (citing ID at 10). The initial decision appears to have addressed this concern when it stated, "His request was initially approved." ID at 3. Moreover, this alleged error is not of sufficient weight to warrant an outcome different from that of the initial decision. *See, e.g.*, *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 36 (2016); 5 C.F.R. § 1201.115(a)(1).

Nevertheless, in light of intervening developments in the caselaw, we find it appropriate to remand this appeal to give the parties an opportunity to brief the issue of whether the Office of Ombudsman is a "component responsible for internal investigation or review" within the meaning of 5 U.S.C. § 2302(b)(9)(C) such that the appellant's communications with that office might be protected under that paragraph. *See generally Holman v. Department of the Army*, 2025 MSPB 2, ¶ 13; *Reese v. Department of the Navy*, 2025 MSPB 1, ¶¶ 41-52.

If the appellant makes a nonfrivolous allegation that his communications to the Office of Ombudsman were protected under § 2302(b)(9)(C), it would appear that the remaining jurisdictional criteria are satisfied. IAF, Tab 8.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order. On remand, the administrative judge shall afford the parties an opportunity to brief the issue of whether the appellant's communications with the Office of Ombudsman were protected under 5 U.S.C. § 2302(b)(9)(C). The administrative judge shall then issue a new initial decision consistent with this Remand Order. If she finds that the appellant failed to make a nonfrivolous allegation that the appellant's communications with the Office of Ombudsman were protected under § 2302(b)(9)(C), the administrative judge should again dismiss the appeal for lack of jurisdiction. If she finds that the appellant made a nonfrivolous allegation in this regard, she shall issue an initial decision on the merits, after affording the appellant his requested hearing. In either case, the administrative judge may incorporate the findings in her previous decision to the extent that they are consistent with this Remand Order.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.