**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAVID CARDEN,<br>        Appellant, | DOCKET NUMBER<br>AT-1221-23-0377-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>    AFFAIRS,<br>        Agency. | DATE:  February 20, 2025 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Adam Paul Morel, Esquire, Birmingham, Alabama, for the appellant.

Alfred Steinmetz, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction.  For

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, FIND that the appellant met his jurisdictional burden for some claims, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed by the agency, in the Senior Executive Service, as the Associate Director for Nursing and Patient Care Services/Director of Nursing Service in Tuscaloosa, Alabama. Initial Appeal File (IAF), Tab 1 at 7, Tab 6 at 67. On September 27, 2021, the agency proposed the appellant's removal under 38 U.S.C. § 713 based on the charges of failure to lead people and failure to lead change. IAF, Tab 5 at 9-13. On October 18, 2021, the agency issued a final decision that sustained both charges but mitigated the penalty to a demotion to the position of Clinical Assessor for the Caregiver Support Program, a Nurse III non-supervisory position. IAF, Tab 1 at 7-12.

On October 6, 2021, the appellant filed a complaint with the Office of Special Counsel (OSC), alleging that he disclosed concerns pertaining to nurse pay and the flawed distribution process for COVID-related awards and he filed an anonymous complaint with his agency's Office of Inspector General (OIG); he noted in the complaint and a sworn declaration he subsequently submitted to OSC that, in retaliation for his disclosures and activity, the agency issued him a letter of counseling, detailed him to a Nurse III position, demoted him to a Nurse III position after proposing his removal, and issued him an Unacceptable performance evaluation. IAF, Tab 1 at 5, Tab 10 at 8-31. On February 22, 2023, OSC notified the appellant that it was terminating its inquiry into his complaint and informed him of his right to file an IRA appeal with the Board. IAF, Tab 10 at 32-33.

The appellant timely filed the instant IRA appeal on April 28, 2023, and he requested a hearing. IAF, Tab 1 at 2. The administrative judge issued an order setting forth the requirements for establishing jurisdiction over an IRA appeal and

ordered him to submit evidence and argument on the jurisdictional issue. IAF, Tab 4. The appellant provided a copy of his OSC complaint and a November 5, 2021 sworn declaration that he asserts he submitted to OSC in support of his complaint. IAF, Tab 10 at 8-31, Tab 11 at 4. The administrative judge issued an order to show cause directing the appellant to provide more specific information regarding his alleged protected disclosures and/or protected activities. IAF, Tab 13 at 1-2. In his response to that order, the appellant asserted that: (1) on June 2, 2021, he made a protected disclosure to the EEO manager and agency officials that the proposing official abused his authority when he replaced his communication plan with his own "Return to Greatness" program, which was the subject of multiple employee complaints due to the proposing official's use of racial slurs during the program and the program's noncompliance with COVID distancing protocols; and (2) he engaged in a protected activity on July 7, 2021, when he filed an anonymous OIG complaint regarding security and safety issues that he believed constituted gross mismanagement. IAF, Tab 14 at 4-5.

Without holding the requested hearing, the administrative judge dismissed the IRA appeal for lack of jurisdiction. IAF, Tab 18, Initial Decision (ID) at 1, 9. The administrative judge found that the appellant exhausted his administrative remedies before OSC and nonfrivolously alleged that he was subjected to personnel actions under 5 U.S.C. § 2302(a), including a proposed removal, a demotion, and a lowered performance appraisal. ID at 4-5. He concluded that the appellant failed to meet his burden of making a nonfrivolous allegation that he made a protected disclosure regarding his communication to the EEO manager and agency leadership on June 2, 2021. ID at 5-7. However, he concluded that the appellant nonfrivolously alleged that he engaged in a protected activity under 5 U.S.C. § 2302(b)(9)(C) when he made an anonymous OIG complaint on July 7, 2021. ID at 7. Nevertheless, the administrative judge concluded that the appellant failed to nonfrivolously allege that his protected activity was a contributing factor in the agency's personnel actions because the individuals responsible for the personnel

actions taken against him were not aware that the appellant had filed a complaint with OIG. ID at 8-9. Thus, the administrative judge concluded that the appellant had failed to make a nonfrivolous allegation to establish jurisdiction over his IRA appeal. ID at 9.

The appellant has filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. He alleges that the administrative judge erroneously applied the standards of proof applicable to the merits stage rather than the nonfrivolous allegations stage. *Id*. at 5-7. He argues that he nonfrivolously alleged that his protected activity under 5 U.S.C. § 2302(b)(9)(C) of filing an anonymous OIG complaint was a contributing factor in the agency's personnel actions, and therefore, that the administrative judge erred by dismissing his appeal for lack of jurisdiction. *Id*. at 7-8. The agency has not filed a response.

## ANALYSIS

The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC, and makes nonfrivolous allegations that (1) he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 5. The U.S. Court of Appeals for the Federal Circuit has found that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020). Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015).

Based on the appellant's response to the show cause order, the administrative judge limited his attention to the appellant's disclosure to the EEO manager and agency leadership on June 2, 2021, and the appellant's anonymous OIG complaint on July 7, 2021, without addressing any other disclosures or activities. ID at 5; IAF, Tab 14 at 4-5. He determined that the appellant exhausted his administrative remedies before OSC as to the June 2, 2021 disclosure and the July 7, 2021 OIG complaint. ID at 4-5. However, as noted in OSC's close-out letter, the appellant also alleged that he raised concerns regarding nurse pay and the taking away of COVID-related awards from the lowest-paid employees. IAF, Tab 10 at 27, 32. We find that the appellant exhausted his remedies before OSC on those claims and that the administrative judge erred in failing to address them. As explained below, however, this error did not prejudice the appellant's substantive rights as the Board lacks jurisdiction over those claims. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). Nonetheless, as further discussed below, we find that the appellant has established jurisdiction over his appeal because he nonfrivolously alleged that he engaged in a protected activity that was a contributing factor in his proposed removal, the detail to a Nurse III position, the demotion to a Nurse III position, and the Unacceptable performance rating.[2]

_____

[2] The appellant also alleged in his OSC complaint and in Board proceedings below that a November 6, 2020 letter of counseling was retaliatory. IAF, Tab 10 at 11-12, 32. The counseling occurred before his OIG complaint, however, and therefore the protected activity could not have been a contributing factor in the counseling. *See Orr v. Department of the Treasury*, 83 M.S.P.R. 117, 124 (1999). OSC's closure letter also references an October 2021 counseling, IAF, Tab 10 at 32, but there is no evidence or argument in the record pertaining to a counseling around that time. The record does contain an August 11, 2021 Letter of Concern, *id.* at 125-27; but, even assuming the appellant exhausted his remedies with OSC as to the letter, we find that it was not a threat to take disciplinary action and does not otherwise fall within the definition of "personnel action" in 5 U.S.C. § 2302(a)(2)(A). *See Special Counsel v. Spears*, 75 M.S.P.R. 639, 670 (1997).

<u>The appellant failed to nonfrivolously allege that he made protected disclosures.</u>

A nonfrivolous allegation of a protected whistleblowing disclosure is an allegation of facts that, if proven, would show that the appellant disclosed a matter that a reasonable person in his position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Salerno*, 123 M.S.P.R. 230, ¶ 6. The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Id*. The disclosures must be specific, not vague allegations of wrongdoing. *Id*.; *see El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015) (stating that vague, conclusory, unsupported, and pro forma allegations of alleged wrongdoing do not meet the nonfrivolous pleading standard needed to establish the Board's jurisdiction over an IRA appeal), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

The appellant does not challenge the administrative judge's finding that he failed to nonfrivolously allege that he made a protected disclosure as to his communication to the EEO manager and agency leadership on June 2, 2021. ID at 5-7. Therefore, we decline to address that disclosure further. *See* 5 C.F.R. § 1201.115 (reflecting that the Board normally will consider only issues raised in a petition or cross petition for review); *see also Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980), (noting that, before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record that demonstrates the error).

With respect to the appellant's assertions regarding nurse pay and the taking away of COVID-related awards from the lowest-paid employees, they are too vague and conclusory to rise to the level of nonfrivolous allegations that would

merit a finding of the Board's jurisdiction. *See Rzucidlo v. Department of the Army*, 101 M.S.P.R. 616, ¶ 17 (2006) (requiring an appellant to provide more than vague and conclusory allegations of wrongdoing by others). Even if we were to construe the appellant as alleging that the agency's actions amount to gross mismanagement, the substance of the appellant's disclosures suggests, at most, that management committed de minimis wrongdoing or negligence. *See Swanson v. General Services Administration*, 110 M.S.P.R. 278, ¶ 11 (2008) (explaining that "gross mismanagement" means more than de minimis wrongdoing or negligence; it means a management action or inaction that creates a substantial risk of significant adverse impact on the agency's ability to accomplish its mission). Thus, we find that the appellant has failed to nonfrivolously allege that he made any disclosures that were protected under section 2302(b)(8).

The appellant nonfrivolously alleged that he engaged in a protected activity that was a contributing factor in several personnel actions.

Under 5 U.S.C. § 2302(b)(9)(C), an employee engages in protected activity when he cooperates with or discloses information to an agency's OIG (or any other component responsible for internal investigation or review) in accordance with applicable provisions of law. Thus, if an appellant's disclosure of information to such an entity was lawful, the substance of the disclosure is not material to whether the appellant has satisfied the subject jurisdictional criterion.[3] *See Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8 (explaining that, under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), any disclosure of information to OIG is protected regardless of its content as long as such disclosure is made in accordance with applicable provisions of law). Accordingly, we agree with the administrative judge that the appellant made a nonfrivolous allegation that he

---

[3] However, the nature of an appellant's disclosures may be relevant at the merits stage of an IRA appeal, when an appellant must prove the contributing factor element by preponderant evidence and the agency can defend itself by providing clear and convincing evidence that it would have taken the same personnel action absent the protected activity. *See Fisher*, 2023 MSPB 11, ¶ 8 n.1.

engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) through his disclosure of information to OIG.  ID at 7.

We next consider whether the appellant's protected activity was a contributing factor in the personnel actions at issue.  To satisfy the contributing factor criterion at the jurisdictional stage of the case, an appellant need only raise a nonfrivolous allegation that the fact or content of the protected disclosure was one factor that tended to affect the personnel action in any way.  *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 8 (2015).  One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action.  *Id*.

The administrative judge concluded that the appellant failed to nonfrivolously allege that the individuals responsible for the personnel actions taken against him were aware of his OIG complaint and the appellant failed to identify any other relevant evidence that his OIG complaint was a contributing factor in any personnel actions at issue.  ID at 8.  Thus, he determined that the appellant failed to meet his burden in that regard.  ID at 8-9.

The appellant challenges on review the administrative judge's finding that he did not make a nonfrivolous allegation that any decision maker had knowledge of his protected activity.  PFR File, Tab 1 at 7.  He argues that he raised such an allegation in his response to the show cause order.  *Id*.  In this regard, we note that, although the appellant did not allege that the official who proposed his removal had direct knowledge that he had filed the anonymous OIG complaint, as set out in more detail below, he alleged that the proposing official and/or individuals who had input into the proposed removal deduced that he was the employee who had filed the complaint.

In his jurisdictional submission, the appellant asserted that, although his OIG complaint was anonymous, the proposing official was searching for the person who submitted the complaint and believed that he was that person. IAF, Tab 10 at 21. He explained that the Quality Management Department (QUAD) was aligned directly under the proposing official, who was responsible for leading the response to OIG complaints. *Id*. at 13. He noted that, on July 12, 2021, the proposing official showed QUAD employees the OIG complaint he had authored and they agreed that it came from someone with inside knowledge. *Id*. at 16. He claimed that the proposing official and employees in the QUAD suspected him of submitting the OIG complaint, "although they never said it." *Id*. He further opined that the proposing official and QUAD members viewed him as a "troublemaker and whistleblower" based on his previous disclosures regarding the same or similar issues to agency management. *Id*. at 16, 20. He noted that the issues that he raised in his OIG complaint were the focus of an OIG investigation starting in September 2021, which exposed systemic problems at the agency and reflected badly on the proposing official and the QUAD members. *Id*. at 20-21. He further noted that his removal was proposed in September 2021 and he believed that the QUAD members were involved in that decision. *Id*. at 17, 19. Based on the above, we find that the appellant has made a nonfrivolous allegation that the proposing official and/or individuals who had input in the action were aware that he had filed the anonymous OIG complaint.

With regard to the other actions that the appellant alleges were retaliatory, we first find that the detail to the Nurse III position (Clinical Registered Nurse), demotion to the Clinical Assessor position with the Caregiver Support Program, and Unacceptable performance rating are all personnel actions within the definition of 5 U.S.C. § 2302(a)(2)(A). In considering whether the appellant has made a nonfrivolous allegation that the OIG complaint was a contributing factor in the actions, we note that the official who proposed the appellant's removal also initiated the detail to the Nurse III position, and he did so on the same date he

issued the proposal. IAF, Tab 10 at 197-98. The record further reflects that the appellant informed the deciding official about his protected activity during his reply to the proposed removal, and the deciding official acknowledged this information in the letter mitigating the action to a demotion to the Clinical Assessor position. *Id.* at 21, 201-02. Finally, with regard to the Unacceptable performance appraisal for fiscal year 2021, the same official who proposed the removal was the rater for the appraisal and the deciding official, who had made the decision to mitigate the proposed removal, was the approving official. *Id.* at 136-42. Accordingly, we find that the appellant has made a nonfrivolous allegation that individuals involved in taking all three personnel actions were either aware that he had filed the OIG complaint or had deduced that he had done so by the time the actions were taken.

The Board has held that a personnel action taken within approximately 1 to 2 years of the appellant's disclosures satisfies the timing component of the knowledge/timing test. *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015); *Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶¶ 20–22 (2010); *see Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 87 (2001) (finding that the appellant's disclosures were a contributing factor in her removal when they were made approximately 21 months and then slightly over a year before the agency removed her). All of the personnel actions the appellant alleges were retaliatory were taken within several months of his July 2021 OIG complaint. As such, we conclude that the appellant has made a nonfrivolous allegation through the knowledge/timing test that his protected activity was a contributing factor in the proposed removal, the detail to the Clinical Registered Nurse position, the demotion to the Clinical Assessor position, and the 2021 Unacceptable performance appraisal.

**ORDER**

For the reasons discussed above, we remand this case to the Atlanta Regional Office for adjudication on the merits of the appellant's claims.

Gina K. Grippando

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.