**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2025 MSPB 3**

Docket No. PH-0752-24-0055-R-1

**Brian Austin,**

**Appellant,**

**v.**

**Department of Justice,**

**Agency.**

March 7, 2025

Brian Austin, Dunmore, Pennsylvania, pro se.

Kelly A. Smith, Esquire, and Monica Hansen, Esquire, Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member

**OPINION AND ORDER**

¶1    We previously reopened this appeal on our own motion, pursuant to 5 U.S.C. § 7701(e)(1)(B). *Austin v. Department of Justice*, MSPB Docket No. PH-0752-24-0055-R-1, Reopened Appeal File (RAF), Tab 1; *see* 5 C.F.R. § 1201.118; *see also Kling v. Department of Justice*, 2 M.S.P.R. 464, 468 (1980) (recognizing the Board's authority under 5 U.S.C. § 7701(e)(1)(B) to reopen a case on its own motion, without the necessity of a petition for review by any party or the Director of the Office of Personnel Management).  For the reasons set forth below, we VACATE the initial decision, which dismissed the appeal for lack of jurisdiction under the whistleblower protection statutory scheme set forth

in 5 U.S.C. §§ 1221 and 2302. We REMAND this matter to the Northeastern Regional Office for the administrative judge to provide the appellant with the jurisdictional burden of proof applicable to whistleblower reprisal claims involving employees of the Federal Bureau of Investigation (FBI) brought under 5 U.S.C. § 2303 and to adjudicate this matter consistent with that statute.

BACKGROUND

¶2      At the time relevant to this appeal, filed in November 2023, the appellant held a position with the FBI. *Austin v. Department of Justice*, MSPB Docket No. PH-0752-24-0055-I-1, Initial Appeal File (IAF), Tab 1 at 1, 6. In his initial pleading to the Board, the appellant alleged that the agency took various actions against him in retaliation for protected disclosures he made, including some about violations of law and policy.[1] *Id.* at 2. The administrative judge issued an acknowledgement order with general information about the adjudication of the appeal. IAF, Tab 2. Soon thereafter, the agency submitted a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 4. The agency argued that the appellant had already elected to pursue allegations like those presented in his initial pleading through the equal employment opportunity process and that the appellant failed to make nonfrivolous allegations of an adverse action. *Id.* at 4-7.

¶3      After reviewing these pleadings, the administrative judge issued an order, describing the appellant's jurisdictional burden applicable to an individual right of action (IRA) appeal, which included proof of exhaustion of administrative remedies before the Office of Special Counsel (OSC). IAF, Tab 7 (citing, *e.g.*, 5 U.S.C. §§ 1221, 2302); *see Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 5 (setting forth the appellant's jurisdictional burden in an IRA appeal). The appellant responded, citing the administrative judge's

---

[1] The appellant subsequently alleged that the agency took additional actions against him in reprisal for his refusal to obey an order that would have required him to violate agency policy. IAF, Tab 6 at 3.

jurisdictional order and requesting that his appeal be dismissed without prejudice. IAF, Tab 8 at 3.

¶4　The administrative judge issued another order seeking clarification. IAF, Tab 9. The administrative judge asked if the appellant was conceding that he could not establish jurisdiction at the time and intended to exhaust his remedy with OSC. *Id.* The appellant responded without explicitly answering the administrative judge's question. IAF, Tab 10. But he again asked that the Board dismiss his appeal for lack of jurisdiction, this time without any indication of whether the dismissal should be with or without prejudice. *Id.* at 3.

¶5　Based on these pleadings, the administrative judge issued an initial decision finding that the appellant had voluntarily withdrawn his appeal and dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID). He indicated that the appellant had seemingly conceded that he could not yet establish Board jurisdiction. ID.

¶6　Neither party filed a petition for review of the initial decision. As noted above, however, the Board issued an order reopening the appeal. RAF, Tab 1. In doing so, we explained that the Board intended to decide the matter on the existing record, so no additional pleadings were necessary at the time. *Id.*

## ANALYSIS

¶7　Title 5, United States Code, section 2302 includes a list of prohibited personnel practices, including some that concern whistleblower retaliation. 5 U.S.C. § 2302(b)(8), (9). In turn, 5 U.S.C. § 1214 describes how OSC should receive and handle allegations of prohibited personnel practices and provides that certain individuals who allege a prohibited personnel practice described in 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), (D) may, if certain prerequisites are met, seek corrective action from the Board under 5 U.S.C. § 1221. 5 U.S.C. § 1214. Those prerequisites include exhausting administrative remedies with OSC by, among other things, affording OSC time to seek corrective action on the

individual's behalf.  5 U.S.C. § 1214(a)(3).  Meanwhile, 5 U.S.C. § 1221 grants certain individuals the right to file an IRA appeal with the Board regarding purported violations of 5 U.S.C. § 2302(b)(8), (9)(A)(i), (B), (C), or (D), and like section 1214(a)(3), the statute authorizing IRA appeals with the Board also requires the exhaustion of administrative remedies before OSC.  5 U.S.C. § 1221(a) (referencing 5 U.S.C. § 1214(a)(3)); *Cooper v. Department of Veterans Affairs*, 2023 MSPB 24, ¶ 5; *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 5.  The IRA appeal statute further explains that the Board will order corrective action if a covered individual demonstrates that their protected disclosure or activity was a contributing factor in a covered personnel action, unless the agency proves by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected whistleblowing. 5 U.S.C. § 1221(e); *Karnes v. Department of Justice,* 2023 MSPB 12, ¶¶ 8, 23.

¶8      To establish Board jurisdiction in an IRA appeal, a covered individual must, as discussed above, prove by preponderant evidence that he exhausted his administrative remedies with OSC.  *Chambers*, 2022 MSPB 8, ¶ 11 (citing 5 U.S.C. § 1214(a)(3), 5 C.F.R. § 1201.57(c)(1)).  He must also make nonfrivolous allegations that:  (1) he made a protected whistleblowing disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected whistleblowing activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take, or threaten to take or fail to take, a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).  *Cooper*, 2023 MSPB 24, ¶ 8 (citing 5 U.S.C. §§ 1214(a)(3), 1221(e)(1)).  This is the jurisdictional standard described by the administrative judge during the proceedings below.  IAF, Tab 7.

¶9      Section 2302 is, however, inapplicable to FBI employees, such as the appellant.  The statutory prohibition on whistleblower reprisal applies only in the context of personnel actions by an "agency."  5 U.S.C. § 2302(a)(2)(A).  In turn, the statute provides a definition of "agency" in which the FBI is one of several

entities explicitly excluded.[2]  5 U.S.C. § 2302(a)(2)(C)(ii).  Consequently, FBI employees are unable to bring an IRA appeal before the Board under 5 U.S.C. § 1221.[3]  *Parkinson v. Department of Justice*, 874 F.3d 710, 713-14 (Fed. Cir. 2017) (en banc); *Patterson v. Department of Justice*, 52 M.S.P.R. 651, 653-54 (1992) (explaining that an FBI employee's whistleblower reprisal allegations could not be considered an IRA appeal because the FBI is not an agency covered by 5 U.S.C. § 2302(a)(2)).

¶10   For FBI employees, we must instead look to 5 U.S.C. § 2303, a provision that prohibits whistleblower retaliation within the FBI.  While comparable, section 2303 is notably different from section 2302 in some important respects.  For example, the types of disclosures and activities that are protected for FBI employees are more limited than the types of disclosures and activities protected for individuals covered by section 2302.  *Compare* 5 U.S.C. § 2302(b)(8), *with* 5 U.S.C. § 2303(a).

¶11   In the past, individuals seeking redress for violations of section 2303 could not bring those claims to the Board.  *Parkinson*, 874 F.3d at 714-15.  That is because the prior version of section 2303 simply provided as follows:

> (b) The Attorney General shall prescribe regulations to ensure that such a personnel action shall not be taken against an employee of the Bureau as a reprisal for any disclosure of information described in subsection (a) of this section.

---

[2] The statute also excludes the Central Intelligence Agency, the Defense Intelligence Agency, the National Geospatial-Intelligence Agency, the National Security Agency, the Office of the Director of National Intelligence, the National Reconnaissance Office, and the Government Accountability Office from the definition of an agency.  5 U.S.C. § 2302(a)(2)(C)(ii)(I), (iii).  The statute further provides that the President may designate other executive agencies or units as excluded from the definition of an agency under certain circumstances.  5 U.S.C. § 2302(a)(2)(C)(ii)(II).

[3] For similar reasons, an FBI employee may not raise a whistleblower reprisal affirmative defense under 5 U.S.C. § 2302 in an otherwise appealable action. *Parkinson v. Department of Justice*, 874 F.3d 710, 713-14 (Fed. Cir. 2017) (en banc); *Van Lancker v. Department of Justice*, 119 M.S.P.R. 514, ¶¶ 5, 9-15 (2013).

(c) The President shall provide for the enforcement of this section in a manner consistent with applicable provisions of sections 1214 and 1221 of this title.

5 U.S.C. § 2303(b), (c) (2016). Analyzing those provisions and associated agency regulations, the U.S. Court of Appeals for the Federal Circuit explained that the FBI whistleblower protection scheme funneled whistleblower reprisal complaints through the agency's own Office of Professional Responsibility and Office of Inspector General, rather than OSC and the Board. *Parkinson*, 874 F.3d at 714-15.

¶12    The statutory language from above remains. More recently, though, Congress added another provision, providing one avenue in which the Board may consider appeals raising whistleblower retaliation claims by employees of the FBI.[4] Section 5304 of the National Defense Authorization Act for 2023 amended 5 U.S.C. § 2303, effective December 23, 2022, as follows:

(d)(1) An employee of the Federal Bureau of Investigation who makes an allegation of a reprisal under regulations promulgated under this section may appeal a final determination or corrective action order by the Bureau under those regulations to the Merit Systems Protection Board pursuant to section 1221.

(2) If no final determination or corrective action order has been made or issued for an allegation described in paragraph (1) before the expiration of the 180-day period beginning on the date on which the allegation is received by the Federal Bureau of Investigation, the employee described in that paragraph may seek corrective action directly from the Merit Systems Protection Board pursuant to section 1221.

Pub. L. No 117-263, 136 Stat. 2395, 3250-51 (codified at 5 U.S.C. § 2303(d)(1)-(2)). Associated regulations further explain the process for reporting allegations of whistleblower reprisal prohibited by section 2303 within

---

[4] To the extent that *Van Lancker*, 119 M.S.P.R. 514, ¶ 11, and any other decisions have stated that FBI employees could not bring whistleblower retaliation claims before the Board in any form, those decisions are hereby overruled. Our decision today describes one way in which allegations of whistleblower retaliation at the FBI may come before the Board.

the agency, along with the agency procedures. 28 C.F.R. §§ 27.1-27.9. The agency regulations acknowledge the right to file a Board appeal under 5 U.S.C. § 2303(d), but they are otherwise silent about Board appeals. 28 C.F.R. § 27.7.

¶13 Section 2303(d) expressly provides that appeals to the Board from FBI employees are taken pursuant to 5 U.S.C. § 1221. That statute specifies that the Board shall order such corrective action as it considers appropriate if an employee, former employee, or applicant for employment demonstrates that a disclosure or protected activity was a contributing factor in the personnel action which was taken or is to be taken against such employee, former employee, or applicant. 5 U.S.C. § 1221(e)(1). Accordingly, we find that 5 C.F.R. § 1201.57, the Board's regulation setting forth the jurisdictional standards for appeals brought under 5 U.S.C. § 1221, should also be applied to appeals brought pursuant to 5 U.S.C. § 2303. That Board regulation states that exhaustion of a statutory complaint process that is preliminary to an appeal to the Board must be proven by preponderant evidence, but that an appellant must make nonfrivolous allegations regarding the substantive jurisdictional elements applicable to the particular type of appeal he or she has initiated. 5 C.F.R. § 1201.57(b), (c)(1).

¶14 During the proceedings below, the administrative judge mistakenly provided the appellant with the jurisdictional requirements for an IRA appeal brought by individuals covered under 5 U.S.C. § 2302, including the requirement of exhausting administrative remedies with OSC before coming to the Board. IAF, Tab 7. Because the appellant did not receive the correct jurisdictional notice, we must remand this matter for further proceedings, including providing the correct jurisdictional notice. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (holding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue); *Niemi v. Department of the Interior*, 114 M.S.P.R. 143, ¶ 8 (2010) (same).

¶15 On remand, the administrative judge should give the appellant notice of how to establish Board jurisdiction over an appeal under 5 U.S.C. § 2303,

rather than 5 U.S.C. § 2302, since the appellant was an FBI employee at the time of the alleged whistleblower retaliation. That jurisdictional burden for an FBI employee includes proof by preponderant evidence that he exhausted his administrative remedies within the FBI, as described in 5 U.S.C. § 2303(d)(1)-(2).[5] *See* 5 C.F.R. § 1201.57(c)(1). The jurisdictional burden for an FBI employee also requires a nonfrivolous allegation that the employee made disclosures protected by 5 U.S.C. § 2303(a) that were a contributing factor in one or more of the "personnel actions" described in 5 U.S.C. § 2302(a)(2)(A)(i)-(xii).[6] 5 U.S.C. § 2303(a); 5 C.F.R. § 1201.57(b); 28 C.F.R. § 27.2(b). This conclusion is consistent with the language of the statute, its references to 5 U.S.C. §§ 1214, 1221, and the Board's regulations pertaining to IRA appeals. 5 U.S.C. § 2303(c), (d); 5 C.F.R. § 1201.57.

¶16 If the appellant meets his jurisdictional burden on remand, the administrative judge must adjudicate this appeal on the merits. Regarding the merits, 5 U.S.C. § 1221(e) provides a burden shifting framework for adjudicating alleged violations of 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (B), (C), or (D) on the

---

[5] Section 2303(a) prohibits reprisal against FBI employees and applicants for employment. However, the subsequent statutory provisions regarding enforcement within the agency and Board appeal rights refer only to FBI employees. 5 U.S.C. § 2303(b)-(d). Because the appellant was an employee, we need not decide whether applicants for employment with the FBI have the same Board appeal rights as FBI employees under section 2303.

[6] Section 2303(a) sets forth the personnel actions covered by the statute by referring to the personnel actions delineated in 5 U.S.C. § 2302(a)(2)(A)(i)-(x). However, an agency regulation prohibiting reprisal against FBI employees describes covered personnel actions as those identified in 5 U.S.C. § 2302(a)(2)(A)(i)-(xii). 28 C.F.R. § 27.2(b). In other words, the regulation adds the personnel actions listed in 5 U.S.C. § 2302(a)(2)(A)(xi) and (xii) to the list of covered personnel actions applicable to the FBI. In the Federal Register notice for 28 C.F.R. § 27.2, the agency pointed out that when Congress added personnel actions to 5 U.S.C. § 2302(a)(2)(A), it did not similarly alter the list of personnel actions in section 2303. *Whistleblower Protection for Federal Bureau of Investigation Employees*, 64 Fed. Reg. 58782, 58784-85 (Nov. 1, 1999). It appears that the agency decided that it had the authority, under 5 U.S.C. § 301, to augment the personnel actions list by regulation, without Congress amending section 2303. *See id.*

merits. The Board's regulations provide similarly. 5 C.F.R. § 1209.7. While there is no analogous provision in 5 U.S.C. § 2303, and the Board has not yet promulgated any regulations regarding the adjudication of appeals under section 2303, we find the same burden-shifting framework appropriate. Once again, our application of that framework is consistent with section 2303's references to 5 U.S.C. §§ 1214 and 1221, as well as the Board's regulations pertaining to IRA appeals. 5 U.S.C. § 2303; 5 C.F.R. § 1201.57.

¶17 Accordingly, if the appellant establishes jurisdiction over his appeal under section 2303, he must prove that he made a protected disclosure that was a contributing factor in a covered personnel action. If he meets that burden, the agency may avoid being required to grant corrective action only if it proves by clear and convincing evidence that it would have taken the same personnel action in the absence of the protected whistleblowing.

## ORDER

¶18 For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Opinion and Order.

Gina K. Grippando
_____
Gina K. Grippando
Clerk of the Board
Washington, D.C.