## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GAYLE DIANE DICKERSON-BROWN,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-1221-24-0777-W-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>　　AFFAIRS,<br>　　　　　Agency. | DATE:  April 9, 2026 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Gayle Diane Dickerson-Brown</u>, Washington, D.C., pro se.

<u>Robert Vega</u>, Esquire, Washington, D.C., for the agency.

<u>Diane Tardiff</u>, Esquire, Bedford, Massachusetts, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant's equal employment opportunity (EEO) complaints constituted protected activity under 5 U.S.C. § 2302(b)(9)(C), and to address allegations that the appellant raises for the first time on review, we AFFIRM the initial decision.

## BACKGROUND

The appellant is employed by the agency as a GS-13 EEO Specialist. Initial Appeal File (IAF), Tab 1 at 1. On February 23, 2023, her first-level supervisor proposed to suspend her for 10 days based on a charge of failure to follow her supervisor's instructions. IAF, Tab 6 at 17-20. The charge contained five specifications of the appellant allegedly failing to follow instructions and complete work assignments. *Id.* On May 18, 2023, another individual, who appears to be the appellant's second-level supervisor, issued a decision sustaining the charge and the 10-day suspension. *Id.* at 15-16.

The appellant filed a complaint with the Office of Special Counsel (OSC) alleging that because of various protected activities and disclosures, the agency subjected her to a hostile work environment, lowered her performance ratings for 2022 and 2023, and issued her the May 18, 2023 10-day suspension identified above. Petition for Review (PFR) File, Tab 1 at 23-26. She alleged that she

made protected disclosures and engaged in protected activity dating back to 2010 by filing EEO complaints and complaints with the agency's Office of Accountability and Whistleblower Protection (OAWP), OSC, Congress, and the White House. *Id.* at 23. On June 27, 2024, OSC issued a close-out letter, in which it notified the appellant that it had terminated its investigation of her whistleblower complaint and informed her that she had a right to file an appeal with the Board. IAF, Tab 1 at 12.

On July 31, 2024, the appellant filed the instant appeal, alleging that the agency suspended her and lowered her performance reviews in retaliation for her protected EEO activity. *Id.* at 2. The administrative judge issued a jurisdictional order, notifying the parties of the appellant's jurisdictional burden and the relevant legal standards. IAF, Tab 3 at 2-6. The administrative judge ordered the appellant to submit evidence and argument on the jurisdictional issue. *Id.* at 8. The appellant did not respond to the jurisdictional order. The agency submitted a response arguing that the Board lacks jurisdiction over the appellant's claims. IAF, Tab 8.

The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.[2] IAF, Tab 9, Initial Decision (ID) at 1, 5. He found that the appellant exhausted claims that she made protected disclosures or engaged in protected activity by filing complaints regarding concerns of harassment and abuse with OSC, the agency's OAWP, the White House, and Congress. ID at 3. As to the EEO activity, the administrative judge concluded that it did not fall within the scope of the Board's IRA jurisdiction. ID at 4.

---

[2] In his initial decision, the administrative judge stated that an appellant who "makes a nonfrivolous allegation of Board jurisdiction . . . is entitled to a hearing on the jurisdictional question." ID at 2. We clarify here that in IRA appeals jurisdiction is decided on the written record. *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016). In an IRA appeal, an appellant is only entitled to a hearing if she exhausted her administrative remedy with OSC and nonfrivolously alleged that she engaged in protected activity or made a protected disclosure that was a contributing factor in a personnel action, and that hearing is on the merits. *Id.*, ¶¶ 12, 22.

Regarding the appellant's other exhausted claims, the administrative judge did not make findings as to whether the appellant nonfrivolously alleged that they were protected disclosures or activities for purposes of an IRA appeal. Instead, he determined that she had not raised them during the course of her appeal. *Id.* The administrative judge alternatively found that because there is no information in the record as to the dates that the appellant engaged in these alleged protected activities or made protected disclosures, to whom she made any disclosures, who was aware of her alleged disclosures or activities, and why she reasonably believed in the truth of her disclosures, she had not nonfrivolously alleged that her disclosures or activities were a contributing factor in any personnel action. ID at 4-5.

The appellant has timely filed a petition for review. PFR File, Tab 1. On review, she provides additional details regarding her alleged disclosures and activities, and she submits OSC's preliminary determination letter for the first time. *Id.* at 2, 23-26. She reargues that the agency suspended her for 10 days in retaliation for protected activity. *Id.* at 2. In addition to her EEO activity, she specifically claims reprisal for various activities and disclosures for the first time on review, including some that were not identified in OSC's close-out letter advising the appellant that it was closing its investigation. *Id.*; IAF, Tab 1 at 2, 12. The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a

personnel action as defined under 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

<u>The appellant has proven by preponderant evidence that she exhausted some, but not all, of her claims before OSC.</u>

The administrative judge found that OSC's close-out letter indicated that the appellant exhausted claims of "retaliation for filing complaints regarding concerns of harassment and abuse with OSC, [OAWP], the White House, and Congress." ID at 3. The appellant does not dispute this finding on review, and we discern no basis to disturb it. The administrative judge did not address the question of whether the appellant exhausted her EEO complaints or identify the alleged personnel actions that the appellant raised with OSC.

The Board's jurisdiction over an IRA appeal is limited to those issues that have been previously raised with OSC. 5 U.S.C. § 1214(a)(3); *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10 (citations and internal quotations omitted). An appellant who does not submit her OSC complaint to the Board may demonstrate exhaustion through, as relevant here, her correspondence with OSC. *Chambers*, 2022 MSPB 8, ¶ 11. An appellant must prove exhaustion by preponderant evidence. *Cooper v. Department of Veterans Affairs*, 2023 MSPB 24, ¶ 5; 5 C.F.R. § 1201.57(c)(1).

On review, the appellant has proven by preponderant evidence that she exhausted her allegation that she engaged in protected activity when she filed various EEO complaints with the agency. PFR File, Tab 1 at 23-24. For the first time on review, the appellant provides OSC's preliminary determination letter. *Id.* at 23-26. We have considered this document because it implicates the Board's jurisdiction over this appeal. *Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013) (holding that the Board may consider evidence submitted for the first time on petition for review if it implicates the Board's jurisdiction and warrants an outcome different from that in the initial decision). In its preliminary determination letter, OSC stated that the appellant "alleged retaliation for filing

an Equal Employment Opportunity (EEO) complaint." PFR File, Tab 1 at 23. Based on this letter, we find that the appellant proved that she exhausted with OSC her alleged protected activity of filing EEO complaints.

For the first time on review, the appellant raises new allegations of protected disclosures and activities that she has not shown she exhausted before OSC. She alleges that she made disclosures to the Administrative Investigative Board (AIB), and that one of her supervisors was terminated based on the findings of an investigation stemming from this disclosure. *Id.* at 2. However, this purported disclosure to the AIB is not described in any of OSC's correspondence with the appellant. *Id.* at 20-26. Accordingly, we find that the appellant did not prove by preponderant evidence that she exhausted her AIB participation. Additionally, she identifies her participation as a witness in another individual's EEO case and her request for reasonable accommodation as protected activity for which she suffered unlawful retaliation. *Id.* at 2. As with the purported AIB disclosure discussed above, the appellant's allegation that she requested accommodation or served as a witness in another individual's EEO case does not appear anywhere in OSC's correspondence with the appellant. *Id.* at 20-26. We therefore find that the appellant did not exhaust these purported protected activities.

Because the administrative judge did not reach the question of which, if any, personnel actions the appellant exhausted with OSC, we do so now. In its preliminary determination letter, OSC described various personnel actions that the appellant alleged were taken in retaliation for her protected disclosures and activities. *Id.* at 24-25. The personnel actions listed were lowered performance ratings for 2022 and 2023, the 10-day suspension, and being subjected to a hostile

work environment.[3]  *Id.*  We therefore find that the appellant exhausted these alleged personnel actions.

<u>The appellant has nonfrivolously alleged that she engaged in protected activity by filing EEO, OAWP, and OSC complaints.</u>

We next consider whether the appellant has nonfrivolously alleged that she made a protected disclosure or engaged in protected activity.  *See Chambers*, 2022 MSPB 8, ¶ 14.  A nonfrivolous allegation requires "sufficient factual matter, accepted as true, to state a claim that is plausible on its face."  *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1369 (Fed. Cir. 2020); *see* 5 C.F.R. § 1201.4(s) (defining a nonfrivolous allegation as an assertion that is plausible on its face and that, if proven, could establish the matter at issue).  Pursuant to 5 U.S.C. § 2302(b)(9)(C), it is a prohibited personnel practice to take a personnel action against an employee in reprisal for "cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law."  *Holman v. Department of the Army*, 2025 MSPB 2, ¶ 12.

> *The appellant has nonfrivolously alleged that her EEO complaint was protected activity under 5 U.S.C. § 2302(b)(9)(C).*

On review, the appellant reargues that she suffered unlawful retaliation after she filed various EEO complaints.  PFR File, Tab 1 at 2.  In his initial decision, which was issued prior to the Board's decisions in *Holman*, 2025 MSPB 2, and *Reese v. Department of the Navy*, 2025 MSPB 1, the administrative judge held that filing an EEO complaint generally is not protected activity for the purpose of establishing Board jurisdiction over an IRA appeal.  ID at 4.  In *Reese*, 2025 MSPB 1, ¶¶ 44-52, the Board held that disclosures concerning alleged

---

[3] Although we find that the appellant exhausted her allegation that the agency subjected her to a hostile work environment, she did not raise this allegation below and has not raised it on review.  As such, we have not analyzed it further.

violations of Title VII may constitute protected activity under 5 U.S.C. § 2302(b)(9)(C) if made to a covered entity. In *Holman*, 2025 MSPB 2, ¶¶ 12-13, the Board recognized for the first time that communications with an agency's EEO office, whether formal or informal, constitute protected activity within the definition 5 U.S.C. § 2302(b)(9)(C).

While the appellant's EEO complaints are not in the record, on her initial appeal form, she alleged that she filed a complaint with the agency's EEO office alleging that she was being sexually harassed by two of her supervisors. IAF, Tab 1 at 2. Cooperating or disclosing information under 5 U.S.C. § 2302(b)(9)(C) is protected regardless of content as long as it is "in accordance with the applicable provisions of law." *Reese*, 2025 MSPB 1, ¶ 45. Therefore, we modify the initial decision to find that the appellant nonfrivolously alleged that she engaged in protected activity when she filed a complaint with the agency's EEO office regarding a violation of Title VII. The appellant has alleged on review that she filed EEO complaints between 2007 and 2017, and in 2024. We further modify the initial decision to find that the appellant has nonfrivolously alleged that these complaints constituted protected activity.

> *The appellant has nonfrivolously alleged that her OAWP complaint was protected activity under 5 U.S.C. § 2302(b)(9)(C).*

The administrative judge acknowledged that the appellant may have raised with OSC claims of reprisal for engaging in other protected activity but concluded that she did not raise those claims during the course of the proceedings below, with the exception of her alleged EEO activity, discussed above. ID at 4; IAF, Tab 1 at 2. On review, the appellant asserts for the first time that she faced retaliation for filing a complaint with the agency's OAWP in October 2021. PFR File, Tab 1 at 2. Correspondence from OSC describes this complaint as alleging "concerns of harassment and abuse." *Id.* at 23; IAF, Tab 1 at 2. Because this issue is jurisdictional, we consider it here.

On review, the appellant alleges that her OAWP activity "implicated actions of [her] immediate supervisor and second[-]level supervisor." PFR File, Tab 1 at 2. The OAWP is responsible for, among other things, "[r]eceiving, reviewing, and investigating allegations of misconduct, retaliation, or poor performance involving . . . a supervisory employee, if the allegation involves retaliation against an employee for making a whistleblower disclosure." 38 U.S.C. § 323(c)(1)(H); *see Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 36 (recognizing that the OAWP is charged with various duties related to the protection of whistleblowers). Therefore, the agency's OAWP is a component responsible for internal investigation or review. We modify the initial decision to find that the appellant nonfrivolously alleged that she engaged in protected activity when she filed a complaint with the OAWP in 2021.

> *The appellant has nonfrivolously alleged that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) by filing complaints with OSC.*

The appellant states on review that she suffered unlawful retaliation for filing two complaints with OSC, one in 2010 and the other in 2023. PFR File, Tab 1 at 2. The appellant did not raise this claim below, and the administrative judge therefore did not address it. ID at 4; IAF, Tab 1 at 2. Although the appellant does not specify the contents of either OSC complaint on review, a complaint to OSC is a protected activity under 5 U.S.C. § 2302(b)(9)(C), regardless of content. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 61-62. Thus, we modify the initial decision to find that the appellant nonfrivolously alleged that she engaged in protected activity by filing OSC complaints.

> *The appellant has not nonfrivolously alleged that her disclosures to Congress were protected under 5 U.S.C. § 2302(b)(8)(C).*

On review, the appellant also alleges for the first time that she suffered unlawful retaliation for making disclosures to Congress in September 2022 and

August 2024, protected under 5 U.S.C. § 2302(b)(8)(C). PFR File, Tab 1 at 2. Although she raised this claim to OSC, she did not raise it below. IAF, Tab 1 at 2; PFR File, Tab 1 at 23-25. Because she did not raise the issue below, the administrative judge did not address it. ID at 4. Therefore, we do so here.

Congress amended 5 U.S.C. § 2302(b)(8) with the National Defense Authorization Act for Fiscal Year 2020, Pub. L. No. 116-92, § 5721, 133 Stat. 1198, 2175 (2019) (codified at 5 U.S.C. §2302(b)(8)(C)), by prohibiting reprisal for disclosures to Congress. A disclosure to Congress is protected under 5 U.S.C. § 2302(b)(8)(C), if the individual making the disclosure "reasonably believes [it] evidences . . . any violation of any law, rule, or regulation," or "gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(B)-(C).

The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced one of the identified categories of wrongdoing. *Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 6. The disclosures must be specific and detailed, not vague allegations of wrongdoing. *Id.* The appellant does not identify the contents of either disclosure to Congress. PFR File, Tab 1 at 2, 23-24. Therefore, she has not nonfrivolously alleged that she reasonably believed that she disclosed a protected category of wrongdoing, and she has not met her jurisdictional burden as to her alleged disclosures to Congress. We modify the initial decision to so find.

> *The appellant has not nonfrivolously alleged that her disclosure to the White House was a protected disclosure under 5 U.S.C. § 2302(b)(8).*

The administrative judge found that the appellant did not nonfrivolously allege that she made a protected disclosure to the White House. ID at 3-4. The appellant does not reraise this issue on review, and we decline to disturb it.

<u>The appellant has not made a nonfrivolous allegation that her alleged protected activity was a contributing factor in a personnel action.</u>

We now consider whether the appellant has nonfrivolously alleged that her protected activity was a contributing factor in a personnel action. *See Chambers*, 2022 MSPB 8, ¶ 14. The administrative judge determined that even if the appellant nonfrivolously alleged that she made a protected disclosure or engaged in protected activity, she did not nonfrivolously allege that any such disclosure or activity was a contributing factor in a personnel action. ID at 4-5. To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that the fact of, or content of, the protected disclosure or activity was one factor that tended to affect the personnel action in any way. *Chambers*, 2022 MSPB 8, ¶ 14.

One way to establish this factor is the knowledge-timing test, under which an employee may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *Abernathy v. Department of the Army*, 2022 MSPB 37, ¶ 15; *Pridgen*, 2022 MSPB 31, ¶ 63. However, the knowledge-timing test is not the only way for an appellant to establish the contributing factor criterion. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). If an administrative judge determines that the appellant has failed to satisfy the knowledge-timing test, he should consider other evidence,

such as (1) evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action; (2) whether the whistleblowing was personally directed at the proposing or deciding officials; and (3) whether these individuals had a desire or motive to retaliate against the appellant. *Id.*, ¶ 15. Any weight given to the whistleblowing, either alone or in combination with other factors, can satisfy the contributing factor standard. *Id.*

*The appellant has not nonfrivolously alleged that her EEO complaint was a contributing factor in a personnel action.*

Below and on review, the appellant stated that she filed EEO complaints alleging that her first- and second-level supervisors sexually harassed her. IAF, Tab 1 at 2; PFR File, Tab 1 at 2. She alleged below that both supervisors were "aware of [the appellant's] EEO protected activity for many years before [she was suspended for 10 days]." IAF Tab 1 at 2. She also states on review that her first-level supervisor filed an affidavit during the EEO investigation into the appellant's 10-day suspension. PFR File, Tab 1 at 2. Therefore, she has nonfrivolously alleged that her first-level supervisor had actual knowledge of her EEO complaint regarding her May 18, 2023 suspension.

The appellant, however, has not nonfrivolously alleged the timing element of the knowledge-timing test. On review, the appellant alleges that she filed various EEO complaints between 2007 and 2017, and again in 2023 and 2024. PFR File, Tab 1 at 2; IAF, Tab 6 at 10.[4] The Board has held that personnel actions occurring within 1 to 2 years after the protected disclosures or activities are sufficient to meet the timing portion of the test, but those that take place more

---

[4] We have considered the agency's statement regarding the appellant's EEO complaints to the extent that it may assist the appellant in meeting her jurisdictional burden. *See Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994) (explaining that in determining whether the appellant has made a nonfrivolous allegation of jurisdiction entitling him to a hearing, an administrative judge may consider an agency's documentary submissions).

than 2 years after the disclosure or activity are too remote to satisfy this test. *Pridgen*, 2022 MSPB 31, ¶ 63.

The complaints filed between 2007 and 2017 are too remote to satisfy the knowledge-timing test, and the appellant does not otherwise allege facts suggesting that they were a contributing factor in any of the exhausted personnel actions. Further, an activity that occurs after the personnel action at issue was taken cannot be considered a contributing factor in that personnel action. *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 8 (2015). Therefore, the appellant has not nonfrivolously alleged that her 10-day suspension and her 2022 performance appraisal were the result of her 2023 EEO complaint regarding her 10-day suspension. For the same reason, she has failed to nonfrivolously allege that her 2024 EEO complaint was a contributing factor in any of the alleged personnel actions under consideration here.

We have considered whether the appellant has alleged, or the record otherwise contains sufficient information to infer, that the appellant's EEO complaint of her May 2023 10-day suspension could have been a contributing factor in her lowered 2023 performance rating. IAF, Tab 1 at 2; PFR File, Tab 1 at 2, 23-24. However, we find specific allegations and information lacking.

The appellant has not specified when she filed her EEO complaint, her supervisor learned of her EEO activity, or she received her 2023 performance rating. PFR File, Tab 1 at 2, 23-24. Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of finding jurisdiction. *Skarada v. Department of Veterans Affairs*, 2022 MSPB 17, ¶ 6. Construing the appellant's pleadings liberally, we infer that she is alleging that she initiated contact with an agency EEO counselor close to the time she received her May 2023 suspension decision. *Baker v. Social Security Administration*, 2022 MSPB 27, ¶ 21 (holding that the Board will construe pro se pleadings liberally). We observe that the appellant attended a mid-year performance review meeting at the end of April 2022. IAF, Tab 6 at 45. Based

on that schedule, it appears likely that she did not receive her year-end review for 2023 until late October 2023, approximately 5 months after she received the decision on her 10-day suspension. An agency generally has 30 days to process an informal EEO complaint, an appellant has 15 days after the agency has done so to file her formal complaint, and the agency has 180 days to investigate the appellant's formal EEO complaint once she files it. *See* 29 C.F.R. §§ 1614.105(a)(1), (d), 1614.106(b), (e)(2) (setting forth the 45-day time limit for an employee to initiate EEO counseling, 30-day time limit for the agency to conduct counseling, 15-day time limit to file a formal complaint, and 180-day time limit for the agency to conduct its investigation into the complaint). We cannot speculate when in this processing period, which could have lasted over 7 months, the appellant's supervisor might have been asked to submit an EEO affidavit, thus learning of the appellant's EEO activity. *Jones v. Department of the Treasury*, 99 M.S.P.R. 479, ¶ 8 (2005) (explaining that an appellant's unsubstantiated speculation that an agency official might have known of her whistleblowing activity did not satisfy the nonfrivolous threshold for establishing the contributing factor requirement necessary for jurisdiction over an IRA appeal).

We also find that the appellant has not nonfrivolously alleged that her 2023 EEO complaint was a contributing factor in her lowered 2023 performance rating applying the factors in *Dorney*, 117 M.S.P.R. 480, ¶ 15. The record does not contain evidence pertaining to the appellant's 2023 performance rating; therefore, we are unable to analyze the strength or weakness of the agency's decision. The appellant alleged that her EEO activity contained accusations implicating her first- and second-level supervisors. IAF, Tab 1 at 2; PFR File, Tab 1 at 2. We assume that one or both officials was involved in the appellant's 2023 performance rating. Therefore, the appellant's EEO activity was arguably personally directed at the officials who lowered her performance rating. *Dorney*, 117 M.S.P.R. 480, ¶ 15. However, absent a nonfrivolous allegation that these

officials had knowledge of the appellant's EEO activity, we cannot assume they had a motive to retaliate. Accordingly, the appellant's allegations fall short of alleging that any weight was given to her EEO activity, and she has not nonfrivolously alleged contributing factor.

> *The appellant has not nonfrivolously alleged that her OAWP complaint was a contributing factor in a personnel action.*

The appellant has not alleged that her first- or second-level supervisors—or anyone else involved in her May 2023 10-day suspension or 2022 and 2023 performance appraisals—were aware of or influenced by anyone who was aware of her 2021 OAWP complaint. IAF, Tab 1 at 2; PFR File, Tab 1 at 2. We therefore find that the appellant has not satisfied the knowledge-timing test with respect to this complaint. Further, because she provides no specific information about her 2022 and 2023 performance appraisals, we have no basis to review the strength or weakness of those actions. We also cannot presume that the individuals involved in the appellant's appraisals had a motive to retaliate given that she does not allege that they were aware of her 2021 OAWP complaint.

We turn now to the May 2023 10-day suspension. The appellant submitted a copy of the proposed suspension and the suspension decision. IAF Tab 1 at 6-11. In support of the charge of failure to follow supervisor's instructions, the appellant's first-level supervisor listed repeated instructions to the appellant between November 1, 2021, and February 15, 2023, to complete a standard operating procedure and policy, conduct workforce reviews, and review and prepare other reports, and stated that the appellant did not complete these tasks. *Id.* at 8-10. The appellant did not respond to the proposal, and her second-level supervisor determined that the penalty was justified, citing a prior reprimand for, among other matters, failure to follow supervisory instructions. *Id.* at 6-7.

The appellant alleged below that her first-level supervisor gave differing explanations for the suspension, namely, that it was based on the appellant's "work" and her "conduct." IAF, Tab 1 at 2. The appellant also asserted that her

first-level supervisor stated that she was attempting to work with the appellant but that Human Resources and Employee Relations wished to "fire[]" the appellant, and that her first-level supervisor "acted as if they ([the first- and second-level supervisors]) were being forced" to suspend her. *Id.*

None of these contentions, even if true, cast doubt on the agency's stated reasoning for suspending the appellant. The appellant's failure to complete assigned tasks could be viewed as based on both "work" and "conduct." Also, the assertion that unidentified individuals targeted the appellant and influenced her supervisors lacks factual allegations that would suggest that those individuals had knowledge of, or targeted her because of, her OAWP complaint. And without such knowledge, we cannot impute any retaliatory motive to the appellant's supervisors or other unnamed individuals allegedly involved in the appellant's suspension. Therefore, the appellant has not met her jurisdictional burden as to the contributing factor criterion. In conclusion, we find that the appellant has failed to nonfrivolously allege that her OAWP complaint was a contributing factor in her 10-day suspension or her 2022 and 2023 lowered performance ratings.

> *The appellant has not nonfrivolously alleged that her OSC complaints were a contributing factor in a personnel action.*

The appellant has not claimed that anyone at the agency, much less anyone involved in the personnel actions she raises in this appeal, was aware of her OSC complaints. The OSC complaint that the appellant allegedly filed in 2010 is not close enough in time to any of the appellant's exhausted personnel actions to have been a contributing factor in their implementation under the knowledge-timing test. *See Pridgen*, 2022 MSPB 31, ¶ 63. Similarly, for the reasons stated above regarding the appellant's EEO and OAWP activity, the appellant has not nonfrivolously alleged contributing factor considering the *Dorney* factors. As explained above, based on the evidence provided by the appellant with her initial appeal form, the agency's basis for imposing the 10-day suspension seems well

supported, and the appellant has not made any specific allegations attacking the validity of her 2022 and 2023 performance appraisals. IAF, Tab 1 at 6-11.

The appellant's 2023 OSC complaint could conceivably be a contributing factor in either her 10-day suspension or her 2023 performance rating. However, the appellant did not nonfrivolously allege that she filed this OSC complaint before her 10-day suspension was proposed in February 2023 or decided in May 2023, or before her 2023 performance rating was issued. PFR File, Tab 1 at 2. Because the appellant did not provide sufficient information that, if true, would establish that her 2023 OSC complaint was filed before any personnel action was taken, we cannot find that she nonfrivolously alleged that the complaint was a contributing factor in them. *Sherman*, 122 M.S.P.R. 644, ¶ 8 (2015).

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5  U.S.C.  §  7703(b)(2);  *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively,  you  may  request  review  by  the  Equal  Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:           _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.